Raymond HIGHTOWER, Libelant,

v.

MATSON NAVIGATION COMPANY, a corporation, et al., Respondents.

No. 27484.

United States District Court
N. D. California, S. D.

Nov. 12, 1959.

Brethauer, Crvarich & Kelley, Oakland, Cal., for libelant.

J. Stewart Harrison, Brobeck, Phleger & Harrison, San Francisco, Cal., for respondent Matson Navigation Co.

ROCHE, District Judge.

Libelant brought action against respondent for injuries suffered while working aboard the SS Hawaiian Rancher, a vessel owned by respondent. He alleges that his injuries were sustained by reason of the unseaworthiness of the ship and/or the negligence of respondent.

The Hawaiian Rancher arrived at San Francisco's Pier 32 at approximately 6:00 P.M., January 21, 1956. Libelant, one of a gang of stevedores employed to load the vessel, came on board shortly thereafter and commenced working in hatch No. 3. Shortly after 5:00 A.M., January 22, he was called to the weather deck to assist in covering hatch No. 3. It was raining. In order to cover the hatch it was necessary to move the hatch beams used on the weather deck from shore to ship. While attempting to free a bridle, a device used to move hatch beams, from one of the two lower deck hatch beams piled on the off-shore side of hatch No. 3, libelant's leg was crushed between a hatch beam and a pipe shielding.

Libelant contends that the beams were stacked under such circumstances that an unseaworthy condition was created, which condition was the proximate cause of his injuries. As a longshoreman engaged in loading the vessel, libelant is within the class of those protected by the absolute and nondelegable duty of a shipowner to provide a seaworthy vessel. But libelant has failed to establish by a preponderance of the evidence that the Hawaiian Rancher was, in fact, unseaworthy, or that, if such a condition existed, it was the proximate cause of his injuries. The testimony of libelant's witnesses was inconsistent and contradictory. The court may only conjecture as to the cause of libelant's injuries. Thus, he has failed to carry the burden of proof.

The cause of action in negligence is subject to the same defects. In addition to his failure to establish the proximate cause of his injuries, libelant was unable to prove by a preponderance of the evidence that the alleged unsafe condition was created by respondent or that the latter had or should have had notice of its existence. The court can only conclude that respondent did not breach its duty to libelant.

In his briefs libelant cites numerous decisions relating to the law of this case. But the applicable law is not seriously disputed; it is the facts that are in issue and it is the burden of proving facts necessary to support recovery that libelant has failed to carry. However, libelant

is not altogether without a remedy. He has received substantial compensation and may be eligible to collect more for any permanent disability suffered.

The libel is dismissed as prayed for by respondent. Respondent will file Findings of Fact and Conclusions of Law in accordance with the foregoing.